### ORY vs. WINTER.

APPEAL from the court of the second district,

MATTHEWS, J. delivered the opinion of the court. This is the third time that this case has been before the appellate court. Once on a former appeal, a second on a rehearing, in consequence of which the cause was remanded to be tried *de novo*; and now by an appeal from the judgment rendered on the new trial.

The suit is brought by an indorsee of a promissory note, executed in the state of Mississippi, against the maker. The defendant pleads error and want of consideration for a large part of the whole amount for which the promise was made.

All the important principles of law which relate to the matters in dispute between the parties, were settled by a judgment of this court, pronounced on the last hearing: we have re-examined them in the present instance and believe that they have been correctly determined.—*Vol. 4, 277.*

The judgment of the district court from which the present appeal is taken, allowed the defendant the entire deduction which he claim- ed from the amount of the note sued on, and from this judgment the plaintiff appealed.

The decision of the case as now presented to this court, depends principally on matters of fact, and the evidence of the cause seems to support the conclusions of the judge *a quo*, with two or three slight exceptions. These relate to the calculation and allowance of in. terest at 10 per cent. per annum, on the amount of an account, which the defendant claims to have deducted from the note; an item of $111,16, which Gilbert the payee of the note undertook to collect from one Jones; and another account of $25,37. With regard to the interest calculated on the account, there is no evidence on the record to shew that by the laws of Mississippi, interest is allowed on open accounts. It is agreed that according to those laws, notes bear interest at the rate of 8 per cent per annum, after they become due. Mears' testimony, might induce a belief that Gilbert assented to the correctness of the charge of in- terest; but according to our laws, convention- al interest is chargeable only when supported

by an agreement in writing. In relation to the two sums which Gilbert undertook to collect, and pay over the amount; the breach of his contract has been passive only, and he is responsible from the time alone in which he may have been put in default, *Lou Code, art.* 1927: and it does not appear that he has yet been placed in that situation. The interest on the whole of the account as calculated, and the two last items of said account, must therefore be deducted from the sum allowed in favor of the defendant by the judgment of the court below.

Objections by the plaintiff, are found on the record to the testimony of all the witnesses· Staunton, Mears and Gilbert. Those made to the testimony of the first, are clearly unfounded. And we deem it useless to enquire into the competency of the two last, because should they be rejected, there is still sufficient evidence to establish the error complained of by the defendant to the amount of his account current against Gilbert for the year 1821; which must be taken from the sum total of the note; and judgment rendered in favor of the plaintiff, for the balance, with interest at the rate of 8 per cent. from the time at which it became due.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be annulled, avoided and reversed : And it is further ordered, adjudged, and decreed, that the plaintiff and appellant do recover from the defendant and appellee, eleven hundred and forty-four dollars and 25 cents, with interest at the rate of 8 per cent. per annum, from the 1st day of April 1823, until paid; and that the appellee pay the costs of both courts.

*Ripley & Conrad* for the plaintiff, *Watts & Lobdell* for the defendant.